J-S15030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| HISHEAM LAMAR ROBERTSON, | : | |
| | : | |
| Appellant | : | No. 1721 EDA 2017 |
| | : | |

Appeal from the Judgment of Sentence February 1, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0000251-2016

BEFORE: STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.:                                **FILED JULY 06, 2018**

Appellant, Hisheam Lamar Robertson, appeals from the Judgment of
Sentence entered by the Chester County Court of Common Pleas following his
convictions after a bench trial of, *inter alia*, Driving Under the Influence
("DUI") (driving under the combined influence of alcohol and a drug or
combination of drugs), Possession of a Small Amount of Marijuana, and
several summary traffic offenses.[1] Appellant challenges only the weight of the
evidence. We affirm.

The trial court set forth the underlying facts and we need not repeat
them in detail. **See** Trial Court Opinion, filed 7/21/17, at 1-5, 10-22. Briefly,
on August 22, 2015, Pennsylvania State Police Trooper Joseph Carlson pulled

_____

[1] 75 Pa.C.S. § 3802(d)(3); and 35 P.S. § 780-113(a)(31), respectively.

Appellant over for speeding and weaving in a work zone, and striking the white line dividing the lanes once. During the stop, Appellant failed to produce his driver's license, registration, and financial responsibility cards, and he provided a false name to the officer. Appellant appeared overly nervous and was "giggly" during the stop. The mobile video recorder in the police car recorded Appellant's erratic driving and his conduct during and after the stop. Appellant's eyes appeared bloodshot and glassy, and both Appellant and the vehicle smelled like alcohol and marijuana.

Appellant failed several field sobriety tests. Although Appellant agreed to provide a breath sample, he evaded the test and failed to provide a testable breath sample. After initially denying that he had been drinking during the stop, Appellant later admitted that he had consumed one Olde English[2] before driving. Appellant claimed that he was exhausted following a twelve-hour shift at work. Based on his extensive experience, Trooper Carlson believed that Appellant was impaired by alcohol and marijuana to an extent that rendered him incapable of safely driving, and arrested Appellant. Trooper Carlson recovered marijuana from the center console in the vehicle.

Based on Trooper Carlson's observations, the Commonwealth charged Appellant with, among other things, DUI (driving under the combined influence of alcohol and a drug or combination of drugs), Possession of a Small

---

[2] Olde English 800 is a brand of malt liquor.

Amount of Marijuana, and several summary traffic offenses. After a bench trial, the trial court convicted Appellant of the above offenses. On February 1, 2017, the trial court sentenced Appellant to an aggregate term of 72 hours to 6 months' incarceration, followed by 30 days' probation. Appellant filed a timely Post-Sentence Motion, which the trial court denied on May 1, 2017.

On May 30, 2017, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In his sole issue on appeal, Appellant challenges the weight of the evidence when he states that "[t]he facts failed to establish that the trooper ever observed in the Appellant any indicia of impairment that didn't speak equally to indicia of exhaustion." Appellant's Brief at 14.[3]

When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa.

---

[3] The Commonwealth avers that Appellant "is challenging the arresting officer's credibility and not the weight of the evidence." Commonwealth's Brief at 14. A challenge to the fact-finder's credibility determinations is considered a challenge to the weight of the evidence. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281-82 (Pa. Super. 2009).

Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert, supra* at 546.

Moreover, appellate review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion; this court does not review the underlying question of whether the verdict is against the weight of the evidence. *See id.* at 545-46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*

Furthermore, "in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id*. (internal quotation marks and citation omitted). As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a **palpable abuse of discretion**[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (citations omitted, emphasis in original).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." **Commonwealth v. Thompson**, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. **Commonwealth v. Widmer**, 744 A.2d 745, 751 n.3 (Pa. 2000).

After a thorough review of the certified record, the briefs of the parties, the applicable law, and the comprehensive and well-reasoned Opinion of the Honorable Anthony A. Sarcione, we conclude that there is no merit to Appellant's challenge to the weight of the evidence. The trial court carefully evaluated the record and the evidence in reviewing Appellant's weight claim. **See** Trial Court Opinion at 22-28.

Appellant essentially asks us to reassess the credibility of the police officer and reweigh the testimony and evidence presented at trial. We cannot and will not do so. Our review of the record shows that the evidence is not tenuous, vague, or uncertain, and the verdict was not so contrary to the evidence as to shock the court's conscience.

We discern no abuse of discretion in the trial court's denial of Appellant's weight claim. Accordingly, Appellant is not entitled to relief on his weight claim.

Judgment of Sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 7/6/2018*